IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | No. 1:16CR91(4) |
| | § | Magistrate Judge Zack Hawthorn |
| v. | § | |
| | § | |
| JUAN RINCON VELASQUEZ (4) | § | |

## GOVERNMENT'S DETENTION MEMORANDUM

This Court should grant the Government's Detention Motion because detention and deportation are both presumed based on the defendant's charge, and to date he has not offered evidence challenging the deportation presumption.

**1. 21 U.S.C. § 846 is an aggravated felony, and deportation is administratively presumed.**

Based on Title III wire interception, a Grand Jury charged the defendant with conspiracy to possess a controlled substance with the intent to distribute, in violation of 21 U.S.C. § 846. An aggravated felony under 8 U.S.C. 1141(a)(43)(B) includes "illegally trafficking in a controlled substance, as defined by 21 U.S.C. § 802. Section 846 meets this definition. *See Garcia-Gonzalez v. Holder*, 737 F.3d 498 (8th Cir. 2013). "An alien convicted of an aggravated felony shall be conclusively presumed to be deportable from the United States." 8 U.S.C. 1221(c). Aggravated felons are not entitled to immigration proceedings, 8 U.S.C. § 1228(b), and are precluded from naturalization. 8 U.S.C. § 1427(a); 8 U.S.C. § 1101(f)(8) (citing aggravated felony definition in 8 U.S.C. § 1101(a)(43)). Finally, "Detention of aggravated felons is mandatory while removal

proceedings are pending." 8 U.S.C. § 1226(c)(1)(B) (referring to 8 U.S.C. § 1227(a)(2)(A)(iii).

Based on the wire intercepts, conviction is likely, and thus, the defendant will be "conclusively presumed to be deportable" and will be mandatorily detained for removal proceedings. Release means the Court can longer control the defendant's appearance. Worse, release could expedite deportation and impede the defendant from answering the charge that has a five-year mandatory minimum. This creates an enormous incentive for the defendant to flee if released. As such, the defendant has not met his burden of rebutting the presumption of detention.

### 2. Trujullo-Alvarez is distinct from this case.

The defendant cites *United States v. Trujillo-Alvarez*, 900 F.Supp. 1167 (D. Oregon 2012) in support of release. First, Trujillo-Alvarez faced an illegal re-entry charge that has a maximum sentence of one year. This defendant faces a maximum of forty years, which triggers the presumption of detention under

Second, Trujillo-Alvarez did not face an aggravated felony, and this defendant does.

Third, in *Trujillo-Alvarez* the Government did not argue that Trujillo-Alvarez was a danger to the community. Here, the Government alleges that trafficking in 1500 pounds of marijuana with a leader of a major drug trafficking organization is a danger to the community.

Fourth, ICE was much more involved in *Trujillo-Alvarez*. ICE initially detained Trujillo-Alvarez, processed him for deportation, submitted charges for

criminal prosecution, and removed him from the district for deportation once released on bail. Here, DEA and local police authorities are the criminal investigators. For these reasons, *Trujillo-Alvarez*, which is not binding authority, should not be persuasive.

### 3. Other cases support detention.

In *United States v. Lozano*, 2009 U.S. Dist. LEXIS 106883 (M.D. Ala. 2009), the court decided that given that the defendant's 8 U.S.C. § 1326

> deportation or removal from the United States [had] already been ordered . . . [i]f he were released on conditions under the Bail Reform Act, defendant would be transferred to ICE custody by the United States Marshal, transported from this district, placed immediately in removal proceedings without the possibility of bond, and subjected to mandatory removal from the United States within a period of 90 days beginning on the date of his release.

Addressing risk of non-appearance regardless of the cause (government's action or own volition), the court noted that

> The "failure to coordinate" between agencies of the Executive branch is hardly the fault of that branch. Congress, not the Executive, decreed that the defendant must be removed within 90 days of his release from confinement, and mandated that the possibility of further imprisonment is not a reason to defer removal. This court, not the Executive, has set defendant's case for trial at the earliest practicable time ... in accordance with the Speedy Trial Act, 18 U.S.C. § 3161 .... Even if defendant were tried within 90 days of his release under the Bail Reform Act, he could not be sentenced during that period given the constraints of Fed. R. Crim. Pro. 32. The Executive branch is powerless to change these rules or statutes.

(citing 8 U.S.C. §§1231(a)(1)(A), (a)(1)(B)(iii), (a)(2), and (a)(4)(A)).

The court "reject[ed] defendant's contention that defendant should not be held in custody where the government has created the risk of nonappearance because the statute itself does not recognize the source of or reason for this risk as a material consideration."

Here, this Court should do the same. The defendant faces charges that mandate ICE detention and have presumptive removal

An ICE detainer may be considered in assessing the risk of flight. *United States v. Chavez-Rivas*, 536 F.Supp.2d 962, 964 n.3 (E.D. Wisc. 2008). Also, 8 U.S.C. § 1231(a)(2) provides that "[d]uring the removal period, the Attorney General [now the Secretary of Homeland Security] shall detain the alien. Under no circumstance during the removal period shall the [Secretary of Homeland Security] release an alien who has been found inadmissible . . . ." District courts do not have the authority to order the Attorney General to stay or interrupt deportation proceedings. *See* 8 U.S.C. § 1252(g).

Administrative removal, which this defendant faces, is a compelling factor.

> Regardless of the reason that a defendant may fail to appear, whether by his own volition or by way of a removal order, I am primarily concerned with whether there are any conditions or combination of conditions that can reasonably assure the defendants' appearance as required. Because it is undisputed that each defendant is subject to an administrative removal order, the, answer, I believe, is clearly "no."

*United States v. Ramirez-Hernandez*, 910 F. Supp. 2d 1155 (ND Iowa 2013)

Pre-trial detention because of an ICE detainer does not run afoul of the Bail Reform Act.

> ICE, through its detainer letter and earlier physical custody of Vencomo-Reyes after release on the state charges, has demonstrated its intention to detain him if he is not in some other branch of government's custody. Thus, one of the harms Congress sought to prevent through 18 U.S.C. § 3142, the harm of needless pretrial detention, is not present in this case.... If the Court releases Vencomo-Reyes pending trial, it is more likely than not that his

> guilty or innocence will never be adjudicated, because ICE will have deported Vencomo-Reyes to Mexico.

*United States v. Vencomo-Reyes*, 2011 WL 6013546 (D.N.M. 2011).

Here, the aggravated felony matter leads to administrative removal. This defendant faces the same problem as *Vencomo-Reyes*. Moreover, the Government has the presumption of detention in its favor. In light of this authority, the defendant cannot meet his burden of rebutting that presumption.

Respectfully submitted,
BRIT FEATHERSTON
ACTING UNITED STATES ATTORNEY

*Christopher T. Rapp*
/s/ Christopher T. Rapp
CHRISTOPHER T. RAPP
Assistant U.S. Attorney
350 Magnolia Ave., Ste. 150
Beaumont, Texas 77701-2248
409-839-2538 Phone
Arizona Bar 025704
Christopher.T.Rapp@usdoj.gov

CERTIFICATE OF SERVICE/CONFERENCE

I hereby certify that a copy of this motion was provided to defense counsel March 28, 2017, via electronic transmission. I hereby further certify that I have conferred with defense attorney Mark W. Bennett regarding the motion.

*Christopher T. Rapp*
/s/ Christopher T. Rapp
CHRISTOPHER T. RAPP
Assistant U.S. Attorney